815 F.2d 79
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jesse PENIX, Petitioner,
v.
Arnold JAGO, Supt., Respondent.
 No. 86-3155.
 United States Court of Appeals, Sixth Circuit.
 Feb. 16, 1987.
 
 Before WELLFORD, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Jesse Penix was indicted in an Ohio state court for kidnapping, and rape, felonious assault, and grand theft. Following a jury trial, Penix was found guilty of kidnapping, rape and felonious assault, and sentenced for substantial terms in the Ohio prison system.
 
 
 2
 Penix appealed his conviction to the Ohio Court of Appeals and his appellate counsel assigned forty-one assignments of error. His counsel argued in his appeal only a portion of the assigned errors, most of them in a cursory fashion.
 
 
 3
 Penix also filed a pro se brief in the Ohio Court of Appeals, alleging:
 
 
 4
 1. Appellant was deprived of the effective assistance of counsel as is guaranteed through the Sixth Amendment, applicable to the State's [sic] through' the Fourteenth Amendment, by counsel's failure to assert all apparently substantial defenses in a timely and proper manner, or to conduct a thorough fact and legal investigation, and other trial errors, that deprived appellant of the quality of counsel acceptable in Ohio, so this conviction must be reversed.
 
 
 5
 2. Where the court appointed appellant counsel has failed to reasonably present the errors of record to the Court of Appeals, the Court finds that another counsel must be appointed to develop the record below and submit to the Court in order to prevent a miscarriage of justice because the appellate counsel is constitutionally deficient.
 
 
 6
 Because it determined that appellate counsel failed to comply with the Ohio Rules of Appellate Procedure, the Ohio Court of Appeals disregarded all the forty-one assignments of error. Instead, the appellate court addressed the merits of the errors raised by Penix in his pro se brief. The Ohio appellate court reviewed the record to ascertain whether Penix had had a fair trial and substantial justice was done. The court of appeals on the basis of this review found no reversible error and affirmed the conviction.
 
 
 7
 Penix then filed a memorandum in support of jurisdiction in the Supreme Court of Ohio listing the previously noted forty-one assignments of error (which were not considered by the Ohio Court of Appeals) and a claim of ineffective assistance of both trial and appellate counsel. The Supreme Court of Ohio denied leave to appeal on September 12, 1984.
 
 
 8
 Penix next filed a petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 in which he alleged the following ground for relief:
 
 
 9
 Denial of effective assistance of appellate counsel. Appointed appellate counsel listed forty-one (41) assignments of error. He actually briefed only eleven (11) assignments. There was no separate argument as to these errors nor was there citation to the record. The Court of Appeals found the brief to be in violation of the Ohio Rules of Appellate Procedure and disregarded all forty-one (41) assignments of error and considered sua sponte the single issue of manifest weight of the evidence and appellant's pro se assignments of error. The conviction was affirmed.
 
 
 10
 The district court denied Penix's petition, and we now consider this appeal.
 
 EXHAUSTION OF REMEDIES
 
 11
 Petitioner raised his sixth amendment claim of ineffective assistance by appellate counsel in the state courts. The Ohio appellate court addressed the issue. Petitioner also raised these issues in his pro se brief to the Ohio Supreme Court, which denied him leave to appeal. Penix has also exhausted his claim of ineffective assistance as to trial counsel by presenting this claim fully and fairly to the Ohio appellate courts. We thus conclude that Penix has exhausted these claims as to both trial and appellate counsel.
 
 II. CONSTITUTIONAL STANDARDS APPLICABLE
 
 12
 In Strickland v. Washington, the Supreme Court stated:
 
 
 13
 A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.
 
 
 14
 466 U.S. 668, 687 (1984) (emphasis added). The Court further stated:
 
 
 15
 The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 
 
 16
 Strickland, 466 U.S. at 694. We have held that the same sixth amendment standards governing the performance of trial counsel relate to the performance of appellate counsel. See Bowen v. Foltz, 763 F.2d 191, 194 n.3 (6th Cir. 1985).
 
 
 17
 The state appellate court in reviewing Penix's challenge to the adequacy of his counsel's performance at trial stated: "We have reviewed the record below and find Appellant had a fair trial and substantial justice was done." This conclusion, the state court held, was mandated by (1) "overwhelming evidence against Appellant" and (2) "lack of evidence concerning ineffective assistance of counsel at the trial level." Petitioner does not challenge that conclusion in his brief; he argues rather that he was denied effective assistance on his appeal.
 
 
 18
 Penix's appellate counsel raised a number of claims of error at the trial proceedings in his brief, but failed to argue or develop each of the forty-one assignments. Pertinent parts of the Ohio Rule of Appellate Procedure indicate:
 
 
 19
 The argument [in appellant's brief] shall contain the contentions of the appellant with respect to the assignments of error presented, and the reasons therefor, with citations to the authorities ....
 
 
 20
 Rule 16(A)(4) (in part).
 
 
 21
 Appellant cited four Ohio Code Sections, two Criminal Rules references, four Ohio Jury Instructions references, and eleven cases as authority for his assignments of error (including five United States Supreme Court decisions). He argued only about one-fourth of the assignments of error in the course of his six page argument in his appellate brief.
 
 
 22
 Rule 12(A) of Ohio Rules of Appellate Procedure sets out in pertinent part:
 
 
 23
 The appeal shall be determined on its merits on the assignments of error set forth in the briefs required by Rule 16, .... Errors not specifically pointed out in the record and separately argued by brief may be disregarded. All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error.
 
 
 24
 This would seem to indicate that the Ohio Appellate Court might disregard errors not "separately argued by brief," but the Ohio court here, because some assignments of error were not individually pursued, disregarded the entire brief and all the other assignments of error specified and attempted to be argued, albeit in a somewhat summary fashion, by petitioner's appellate counsel. The authority cited by the Ohio Court of Appeals for this action does not appear supportive, particularly in view of the plain requirement in the last sentence of Rule 12(A) that "errors assigned and briefed shall be passed upon by the court ... stating the reasons ... as to each such error." (Emphasis added). Compare Ohio Rev. Code Ann. 2505.21.
 
 
 25
 Assuming, without deciding, however, that ineffective assistance of counsel were to be found by reason of counsel's summary treatment of the assignments of error submitted on petitioner's appeal from his conviction, we find the requirements of Strickland v. Washington not met in any event.
 
 
 26
 An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981). The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.
 
 
 27
 466 U.S. at 691-92.
 
 
 28
 The Ohio appellate court did review the record of the trial in this case and concluded that petitioner had a fair trial. We have previously found no effectively presented challenge in this appeal to the adequacy of representation at the trial level. Assignments of error not separately argued on appeal by petitioner's counsel were subject to the procedural Ohio requirements and were disregarded. Petitioner has demonstrated as to these matters neither adequate cause nor prejudice; he has not demonstrated that "but for unprofessional error," if any on appeal, the result of the appeal would have been different.
 
 
 29
 We are not persuaded, however, that petitioner may not yet pursue the other grounds aserted for relief in this petition and those asserted by his counsel in the original appellate brief argument before the Ohio courts for a full and fair consideration of these matters on their merit under Ohio rules and laws. Based on the record submitted to us in this case, we cannot determine whether there was any constitutional failure to deal with petitioner in any "initial arraignment," any failure to conduct a timely preliminary hearing, any trial problem with respect to petitioner's alleged confession, any problem with respect to alleged actions of juror Evans, or whether there was an improper duplication of charges in the case.
 
 
 30
 We AFFIRM the denial of habeas corpus relief but without prejudice to petitioner's right to pursue those matters in Ohio courts by postconviction proceedings on issues which were not fully considered by Ohio state courts nor determined by this court in this appeal.